*Ex parte* W. T. LEVI.

*Ex parte* W. H. LEVI.

(*District Court, W. D. South Carolina.* September 15, 1886.)

Witness—Privileges—Arrest.
Witnesses in attendance on court are not privileged from arrest when charged with an indictable offense.

*Nix, Shuman & Nix,* for the motion.
*Mr. Youmans,* Dist. Atty., *contra.*

Simonton, J. These two cases depend on the same state of facts. W. T. Levi and W. H. Levi were witnesses under bond to testify before the grand jury at this term of the court. They are residents of North Carolina. Having given their testimony before the grand jury, they were discharged from further attendance on the court, and

on the same day each of them was arrested on a warrant charging them with perjury in the evidence before the grand jury, issued by Mr. Heyward, a commissioner of this court. Failing to give bond, they are here in the Greenville jail.

These applications are based on affidavits stating these facts. The prisoners claim that their arrest was not legal, and that they are entitled to a discharge. As no question is made as to the truth of the facts stated, and the question in the case is made fairly, I do not propose to discuss the form in which the matter comes up.

The discharge is claimed on the ground that these prisoners were in actual attendance on court under process as witnesses, and that they are privileged from arrest, coming to, remaining at, and returning from the place at which the court is sitting. The counsel who presented the case of these prisoners admits that their immunity from arrest does not extend to charges of treason, felony, and breach of the peace; but he insists that, inasmuch as perjury, under the statutes of the United States, is not a felony, they are entitled to the privilege under the charge of perjury.

There can be no question that a witness, as well in a criminal as in a civil case, is protected from arrest under civil process, going to, remaining at, and returning from the court where he has been summoned to appear and testify. Greenl. Ev. §§ 316, 317; *Vincent* v. *Watson*, 1 Rich. 194; *Sadler* v. *Ray*, 5 Rich. 523; *Jones* v. *Knauss*, 31 N. J. Eq. 211, and note by reporter collating cases; *Larned* v. *Griffin*, 12 Fed. Rep. 593.

Does the same exemption exist from an arrest on a criminal charge? The care and research of the learned counsel in this case, both for the prisoners and for the United States, have been able to find very many cases in which this privilege had been discussed and illustrated in arrests under civil process. Not one case has been found—and I think that I can now safely say can be found—in the decisions of the supreme court of the United States or of South Carolina in which the privilege has been claimed under an arrest on a criminal charge. No case has been cited from any state of the Union. We are left to a decision of the question upon other sources of authority.

In South Carolina, under section 2071 of the General Statutes, all witnesses are exempted from service of all process, going to and remaining at and returning from court to which they have been subpœnaed or bound, except upon criminal charges of treason, felony, or breach of the peace. Assuming, for the purposes of this decision, without expressly so holding, that the statute of South Carolina comes within the provisions of section 721 of the Revised Statutes of the United States, and therefore is binding on this court, we inquire what is meant by the words "treason, felony, and breach of the peace?"

In Bishop on Criminal Procedure (section 207) these words are held to include all indictable offenses. The authority quoted is *Rawlins* v. *Ellis*, 16 Mees. & W. 172. In that case a person was ar-

rested on Sunday upon the charge of a criminal conspiracy. The Sunday act made void all arrests on Sunday, (2 Car. II. *c.* 7,) except for treason, felony, or breach of the peace. It was contended that the offense charged was neither treason nor felony, nor was it breach of the peace. The court held that all indictable offenses were included under the term "breach of the peace." So Lord HALE held that every offense against a statute should be laid *contra pacem,* (Bish. Crim. Proc. § 648;) and in 1 Atk. 157, an arrest for contempt was permitted on Sunday as a constructive breach of the peace.

The motion is refused.

In the future, when an application of this character is heard, notice of the motion and copies of the affidavit must be served upon the commissioner making the arrest, and upon the district attorney.