## UNITED STATES ex rel. GREENHAUS v. WARDEN OF FEDERAL HOUSE OF DETENTION, NEW YORK CITY.

District Court, S. D. New York.

March 4, 1936.

See, also, 14 F.Supp. 368.

Joseph Brill, of New York City, for petitioner.

Lamar Hardy, U. S. Atty., of New York City (Lester C. Dunigan, Asst. U. S. Atty., of New York City, of counsel), for defendant.

CAFFEY, District Judge.

In the beginning I think I should say that the oral argument on March 2 proceeded without manifestation that either side realized the scope of inquiry on a writ of habeas corpus. Indeed, the government has not even filed a return. It has contented itself with submitting an affidavit, dealing almost wholly with irrelevancies.

The statute governing probation is embodied in sections 724 to 728 of title 18 of the United States Code.

Section 725 provides two ways in which a probationer may be brought before the court which sentenced him upon a charge of having violated the terms of his probation. One of the ways is by the probation officer arresting him without warrant. The other is by his arrest upon a warrant issued out of the court which imposed the sentence. In the present instance the second method was followed. While the written record with respect to the warrant is scant, it was supplemented by statements made by counsel and undisputed at the oral hearing. It is clear that this court issued a warrant for the arrest of the probationer upon a charge that he was guilty of having violated the terms of his probation. The probationer's present incarceration is under that warrant. It was a lawfully issued warrant. The court had jurisdiction to issue it and, pursuant thereto, an inquiry is in progress in this court in the part presided over by Judge Byers with respect to whether or not the probationer is guilty of the charge made in the warrant.

What has been said is enough to dispose of the case.

Effort is made to inject statements with respect to what Judge Byers already has done as to release of the probationer on bail or adjournment of hearings in progress before him; also with respect to what it is contemplated that Judge Byers will do or may do.

So far as I can discover, there is not established any irregularity whatever in the procedure or in the conclusions arrived at thus far by Judge Byers. Even if, however, the contrary were shown, it would not be within the province of this court, in the part presided over by myself, to interject its judgment into the procedure before Judge Byers.

Even more so it is not within my province to undertake supervision of future conduct of the hearing by Judge Byers.

The warrant issued out of this court for the arrest of the probationer was executed by the United States marshal in the Eastern District of New York. The probationer was thereupon brought to this district and produced in this court. This procedure was wholly in accord with section 725.

In the petition the probationer assails the sentence originally imposed by this court, with Judge Knox presiding, in 1931. In essence two criticisms are made, and these reduce themselves to the contention that the court was without authority, after imposing a three-year sentence upon the odd-numbered counts, to suspend execution of the 5-year sentence which was imposed on the even-numbered counts, in succession to the three-year sentence, with accompanying probation of five years to commence on release of the probationer from incarceration on the three-year sentence; also that the court was without authority to include in the conditions of probation that during the period of probation the defendant should not engage in the sale of any stocks or bonds.

I am convinced, however, that the 1931 sentence was without defect. It is so clear as to be manifest that the court was fully

authorized to impose the five-year sentence in succession to the three-year sentence. It is equally manifest that section 724 empowered the court to suspend the execution of the five-year sentence and to prescribe probation during that five-year period upon whatever terms it deemed wise. As I see it, the language of section 724 lends itself to no other interpretation. There is nothing to the contrary in any of the authorities relied upon by the petitioner.

Writ dismissed.