## UNITED STATES v. GREENHAUS.

District Court, S. D. New York.
March 27, 1936.

Lamar Hardy, U. S. Atty., of New York City (Lester C. Dunigan, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Joseph Brill, of New York City (Theodore E. Wolcott, of New York City, of counsel), for defendant-probationer.

BYERS, District Judge.

This is a hearing on a petition dated February 10, 1936, made by E. Fred Sweet, the Chief Probation Officer of this court, and filed herein, wherein it is alleged that the above-named defendant was placed on probation for five years in a mail fraud case, on March 6, 1931, and "that he has again returned to the crime for which he was placed on probation, namely, illicit sale of securities, and is now wanted for a violation of the New Jersey Securities Act [N.J.St.Annual 1931, § *186—10a(2)] for the (alleged) embezzlement of $20,000. That he has not complied with the terms of his probation in that he has left the jurisdiction without permission and has not informed the Probation Officer of his source of income."

Upon the filing of the foregoing petition, a bench warrant was executed as the result of which the defendant was taken into custody to answer the charges embraced in the said petition; arraignment was had before the undersigned on February 21, 1936, and bail was set in the sum of $10,000, and the charges were set down for hearing on February 26th, on which last-mentioned date testimony in behalf of the petition was taken in open court in the presence of the defendant and his counsel, and the latter conducted the cross-examination of the witness called by the government. Adjournment of the hearing was had until February 28th, and thereafter a writ of habeas corpus was issued by Judge Caffey of this court, which was made returnable on March 2, 1936. 14 F.Supp. 366.

On the return of the writ, argument was had before him, and on March 5th he ordered that the writ be dismissed.

Judge Caffey's opinion indicates that the matters presented to him had to do with the legality of the warrant for the arrest based upon the charge that the defendant had violated the terms of his probation. Judge Caffey found that the writ had been lawfully issued and lawfully executed and that the defendant was properly before the court.

Apparently also the effort was made to assail the sentence originally imposed by Judge Knox upon the defendant in 1931, in that the five-year sentence on the even numbered counts, as to which execution was suspended and the defendant was admitted to probation for the period of five years, was to commence upon the completion by him of his sentence under one of the odd numbered counts. That issue was passed upon by Judge Caffey in the following language:

"I am convinced, however, that the 1931 sentence was without defect. It is so clear as to be manifest that the court was fully authorized to impose the five year sentence in succession to the three sentence. It is equally manifest that Section 724 (Title 18 U.S.C., § 724 [18 U.S.C.A. § 724]) empowered the court to suspend the execution of the five year sentence and to prescribe probation during that five year period upon whatever terms it deemed wise. As I see it, the language of Section 724 lends itself to no other interpretation. There is nothing to the contrary in any of the authorities relied upon by the petitioner.

"Writ dismissed."

By reason of the pendency of the proceedings under the said writ, the hearing before the undersigned, which had been adjourned to February 28th, was continued by agreement of counsel to March 19, 1936.

In the meantime, there was an application for a stay of these proceedings, made to the Circuit Court of Appeals, which was heard and denied on March 16th.

The hearing of March 19th proceeded from 2 o'clock in the afternoon for about two hours and a half and, upon that occasion, five witnesses were examined at the instance of the government, in support of the allegations contained in the petition first above referred to.

No testimony was taken on the part of the defendant, who relied entirely upon several motions to dismiss this proceeding. The evidence offered by the government thus stands uncontradicted.

It should be stated that the sentence imposed by Judge Knox on March 6, 1931, as endorsed upon the indictment, reads as follows:

"3 years on Counts 1, 3, 5, 7, 9, 11 and 13.

"2 years on Count 15 to run concurrently.

"5 years on Counts 2, 4, 6, 8, 10, 12 and 14 to run concurrently.

"Sentence on even numbered counts to begin at the expiration of sentence of odd numbered counts. Sentence on even numbered counts suspended during good behavior and defendant to report to probation officer and on condition that defendant violate no State or Federal law. That he behave himself well and shall not engage in any way, shape or form in any stock or bond sales."

The testimony taken in this proceeding is conclusively to the effect that the defendant participated in the sale of securities which were the property of the witness Jones, which he obtained from her upon the representation that he was merely borrowing such securities to use as collateral for the purpose of loans to be procured by him, and that he would use the proceeds of the said loans in an effort to make money for the witness Jones and not otherwise; that in fact he caused the securities so obtained by him to be sold in violation of the undertaking that he had given, and did not apply the proceeds in any manner in accordance with the terms of his said undertaking.

Further, that he left the jurisdiction of this court and of the United States Court of the Eastern District of New York to the Probation Officer of which he was amenable pursuant to the terms of the probation extended to him, by leaving the jurisdiction of the said Probation Officer without permission, as alleged in the said petition.

The contentions made on the part of the defendant in this proceeding are the following:

■ I. That the trial court had no power to impose probation upon the defendant in connection with the sentence of March

6, 1931, and consequently the same was invalid.

That contention cannot prevail for the following reasons:

(a) It does not appear that any appeal was taken from the judgment of the court which embodied the said sentence.

(b) The objection has been passed upon by Judge Caffey in connection with the habeas corpus proceedings, and cannot be reexamined in connection with this proceeding because the determination of Judge Caffey establishes the law of this court with reference to the said sentence.

II. That the judgment under which the defendant was sentenced on various counts is a single sentence.

This is another way of stating the objection under point I, and is disposed of as herein indicated in connection with that contention.

III. That only Judge Knox, who imposed the original sentence including the probation, has the power to conduct a hearing pursuant to the petition first hereinabove referred to.

The statute (18 U.S.C.A. § 725) under which this proceeding is laid reads as follows:

"At any time within the probation period the probation officer may arrest the probationer without a warrant, or the court may issue a warrant for his arrest. Thereupon such probationer shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed."

It will be observed that revocation of the probation or suspension of sentence and the imposition of any sentence which might originally have been imposed pertained to the court and not to a judge; consequently it is concluded that this objection is not well taken. It may be stated that I have discussed the matter with Judge Knox, and it is his view as well as mine that this proceeding does not depend for its validity upon the conduct of this hearing before him; any judge sitting in this court is competent, in the legal sense, to conduct this hearing and decide the issues in accordance with the evidence.

IV. That the maximum term under the original sentence was five years, which period has expired, and that the defendant should be discharged from probation.

This contention, of course, is completely opposed to the terms of the sentence as heretofore quoted, from which it clearly appears that the period of probation was to commence upon the expiration of the sentence on the odd numbered counts. The defendant served the three-year sentence and was released on December 17, 1934. His period of probation began at once, and will not expire until December 17, 1939.

It is concluded that, by reason of the violation of the terms of probation so established by the evidence, the probation should be revoked and the defendant should at once begin to serve the balance of the five-year sentence as to which execution was suspended as heretofore stated.

An order in accordance with the foregoing, and a commitment may issue.