## ZERBST, Warden, v. MURPHY.*
### No. 8481.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1937.

* Rehearing denied Dec. 8, 1937.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tysinger and H. T. Nichols, Asst. U. S. Attys., all of Atlanta, Ga., for appellant.

J. Emmett Baird, of Atlanta, Ga., for appellee.

Before FOSTER, SIBLEY and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

John G. Murphy was on September 28, 1931, sentenced to the penitentiary for two terms of seven years to run concurrently. He was a month later indicted in the same court on other charges, and on November 17, 1931, was sentenced to "imprisonment in the United States penitentiary at Atlanta, Georgia, for a period of one year and one day, the service of said sentence to begin on Jany. 15, 1937." There was no mention of the prior sentences. On February 11, 1937, Murphy applied for release on habeas corpus, his seven year sentences having expired by reason of credits for good conduct; he alleging that the sentence to imprisonment for a year and a day to begin January 15, 1937, was on its face wholly void. The District Judge so held, and ordered Murphy's discharge, citing United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309, to establish that sentences should be precise and show what they are intended to be without resorting to extraneous evidence, and Ex Parte United States, 242 U. S. 27, 37 S.Ct. 72, 61 L.Ed. 129, L.R.A. 1917E, 1178, Ann.Cas.1917B, 355, to prove that sentences whose execution is suspended for a great period of time and beyond the end of the term are void.

To this result we cannot agree. The attacked sentence is in no respect lacking in definiteness and precision. It requires penitentiary service for a year and a day, and to begin at a fixed date. If it has a fault, it is that the date fixed is five years and two months in the future, an unusually long period of suspense. That fault lies not in the judicial sentence fixing the kind and length of punishment, but in the administrative provision which in effect postpones the execution of the punishment. Want of power to make an administrative order postponing the service of a sentence does

not invalidate the sentence. In Ex Parte United States, supra, it was held that an indefinite suspension of the execution of a sentence, intended to be permanent, was a refusal to enforce the law, and for the judges of the United States to assume such power would be an unconstitutional assumption of the executive power of pardon or the legislative power to dispense with the law. But there was an orderly motion to set aside the suspensive provision, and a mandamus to compel that action, and no holding that the sentence was void. It is rather to be inferred that the sentence imposed was to be served on a new fixing of the time for its commencement.

No motion was ever made to revoke or modify the provision postponing service of the sentence here involved. The Act of June 29, 1932, 47 Stat. 381 (18 U.S.C.A. §§ 709a and note, 710a, 716a, 716b), dealing with the beginning of sentences in the penitentiary, had not been passed, and has no application.

The court had authority to postpone execution even beyond the term according to the authority of Lord Hale and Justice Blackstone, as quoted in Ex Parte United States at page 43 of 242 U. S., 37 S.Ct. 72, 61 L.Ed. 129, L.R.A.1917E, 1178, Ann.Cas.1917B, 355, and such is the common usage in America, if for a proper purpose. The reason need not be expressed in the order. Musick v. United States (C.C.A.) 2 F.(2d) 711; Miner v. United States (C.C.A.) 244 F. 422.

The District Court is a superior court of record, and entitled to all the presumptions attending the action of such courts. McCormick v. Sullivant, 10 Wheat. 192, 6 L.Ed. 300. An order postponing the execution of a criminal sentence to a definite date is not presumptively void, but presumably for a valid purpose. It does not here evidence a purpose not to enforce the law, but a purpose to enforce it. The circumstances of this sentence, apparent from the court's own records, are that the prisoner was already serving sentences to seven years' imprisonment. The subsequent sentence if allowed to be served at once would be concurrently served, which would amount practically to no punishment under it. In order to secure punishment under the second sentence, it could have been postponed in execution till the end of the former sentences, though the date could not be certainly fixed because of the uncertainty of good-time allowances, the possibility of pardon or reprieve, or even reversal. Blitz v. United States, 153 U.S. 308, 14 S.Ct. 924, 38 L.Ed. 725. If good time were earned, the seven-year sentences would expire January 15, 1937. This is the date fixed by the court for the beginning of the new sentence. His thought may have been that if the prisoner earned good time the second sentence would then commence as a consecutive sentence; but if not it should in mercy commence at that date as a concurrent sentence. While unusual and perhaps irregular, we do not think this provision void. Though the prior sentences are not mentioned as the reason for postponement, no other reason for it is even suggested. The presumption of regularity and validity carries us to this reason, the prior sentences being of record and presumably known to the judge.

It is argued that if the seven-year sentences had by pardon or commutation been terminated before January 15, 1937, there would have been a hiatus in service. Had such hiatus threatened, a motion might have been made to the court to alter the time fixed for beginning the second sentence. But if not, we do not think the hiatus would nullify the sentence; certainly the remote possibility of it would not. As it turns out, Murphy stands exactly as he would if the later sentence had been made consecutive by the usual provision. He acquiesced in the administrative provision that his second sentence begin January 15, 1937, complaining neither by appeal nor by motion to alter it. He cannot now claim that the second sentence is wholly void, nor that it has been served. He must be remanded to complete its service.

Judgment reversed.