ROOS v H. W. ROOS COMPANY, et

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5640. Decided April 15, 1940.

Paxton & Seasongood, Cincinnati, for appellee, the Central Trust Co

Jerome Goldman, Cincinnati, for Margaret Grace Roos, appellant.

## OPINION

By ROSS, J.

This is an appeal on questions of law filed by Margaret Grace Roos from a judgment of the common pleas court of Hamilton county.

The only assignment of error we find it necessary to consider at this time upon this appeal is the claim of the appellant that the court at no time ever secured jurisdiction over her person and, that, therefore, the judgment as to her should be vacated.

The appellant seasonably and properly presented her objection to the jurisdiction of the court over her person. She continued to reserve this objection throughout the proceedings in the trial court, and has never abandoned this claim.

The record shows that at an early stage of the proceeding the trial court specifically stated that the appellant was not a party. It is claimed by the appellee that this statement was made under a misapprehension of facts caused by the appellant and those interested with her concealing certain facts from the court.

Even if such be the case the appellant was not made a party to the cause until sometime later in the proceeding, and at no time entered her appearance after being made a party to the cause.

The appellant after being formally made a party was served with summons as she entered the trial court room, at a time when she was a non-resident of the state and under subpoena to testify in the receivership proceedings. She did testify as a witness in such proceedings. It is asserted that she was properly served with summons, for the reason that although she was such non-resident and under subpoena she came within the jurisdiction of the court voluntarily—was served with summons after reaching such jurisdiction, and came within the jurisdiction for purposes other than the sole purpose of testifying in the cause in question, and that she thereby lost the protection accorded a person under subpoena.

The affidavits filed in support of the motion to quash the service of summons bear out the appellant's position that she came within the jurisdiction of the court for the sole purpose of testifying as a material witness in the proceedings. The affidavits filed in opposition to the motion do not furnish a basis for any other conclusion. It was brought to the attention of the court that the appellant engaged in many social activities during the time she was within the jurisdiction of the court. It is claimed that such activities develop a purpose ulterior to that involved in her presence as a witness. We do not find that it is made to appear that the appellant entered the jurisdiction of the court for any purpose other than that of testifying in the proceedings in which she was subpoenaed as a witness. She was not required to refrain from visiting her friends and participating in normal social activities, while visiting in the jurisdiction of the court, under penalty of submitting herself to service of process.

The following authorities we deem, sustain our position: §11519 GC; 42 O. Jur., p. 32; 2 R. C. L. 479, 480; 21 R. C. L. 1305.

It is our conclusion, therefore, that the trial court erred in not sustaining the motion of the appellant to quash the service of summons upon her. The

504

judgment of the Court of Common Pleas as to the appellant is, therefore, reversed and vacated.

HAMILTON, PJ. & MATTHEWS, J., concur.