PEDEN v. FLEMING, Superintendent of
D. C. Workhouse.

No. 9013.

United States Court of Appeals
District of Columbia.

Argued Dec. 10, 1945.

Decided March 4, 1946.

Mr. John R. Wall, of Washington, D. C., with whom Mr. Roger Robb, of Washington, D. C., was on the brief (both appointed by the District Court), for appellant.

Mr. John P. Burke, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee. Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and EDGERTON and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

This appeal brings before us for review an order of the District Court of the United States for the District of Columbia dismissing the appellant's petition for a writ of habeas corpus.

On August 12, 1942, the appellant, having been convicted in the Municipal Court of the District of Columbia, Criminal Division, in eleven cases involving violations of the Uniform Narcotic Drug Act, § 33—420 of the District of Columbia Code (1940), was sentenced to serve 1,980 days. He was committed to an institution of the United States Public Health Service, located at Lexington, Kentucky, which has facilities for the treatment of narcotic addicts. After imposing the sentences, the court directed that its then current term be kept open.

In the year 1943, the institution reported to the court that the appellant's apparent cure could best be tested by releasing him. Pursuant to this suggestion, the committing court had appellant brought before it and on September 3, 1943, placed him on probation subject to supervision until the expiration of the sentences.

Events soon demonstrated that the apparent cure was not real. Appellant was arrested for breaking and entering a drug store and stealing nembutol. He was held to await the action of the grand jury, but meanwhile he was taken by the probation officer before a Municipal Court judge, to whom he confessed the drug store breaking and admitted the continued use of nembutol while on probation. The Municipal

Court revoked the order of probation and directed that the appellant be committed to serve 1,592 days remaining from the original sentences. Afterwards, on his plea of guilty, he was given six months for petit larceny under the indictment charging the drug store offense, to run concurrently with the sentences for the narcotic offenses.

In his argument here, the appellant contends that the Municipal Court's action in placing him on probation was void because he had already been committed. But he asserts that the court had authority to reduce his sentences and, as the order of probation released him from custody, he reasons that it should be construed as an unconditional reduction of the sentences. The appellant also argues that, assuming he was properly placed on probation, the order revoking probation was void because he was denied the assistance of counsel at the hearing following which that order was entered.

██ We agree with the appellant's argument that the Municipal Court did not have power to enter a probation order after he had been committed. The District of Columbia Probation Act, D.C.Code, Title 24, § 102, provides that probation may be granted after the imposition of a sentence "but before commitment." The Supreme Court has held that, even in the absence of a specific statutory limitation upon its power, a court may not grant probation after commitment.[1]

 The appellant contends that the Municipal Court had the power to reduce his sentences during the term at which they were imposed, and aptly cites United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354. We agree. But we cannot follow the next step in his argument, which is "since the effect of its order was to reduce his sentence to the time already served, the court's order should be sustained as an unconditional order reducing the sentence." In the first place, the order placing the appellant on probation (which he seeks to have interpreted as a reduction of the sentences) was not made at the term of the Municipal Court at which the sentences were imposed. It is true that the court ordered that the term remain open, but we think the order did not have the effect of prolonging the term from August 3, 1942, when the sentences were imposed,

until September 3, 1943, when probation was ordered. The Code provides, Title 11, § 609, that the Municipal Court "shall hold a term on the first Monday of every month, and continue the same from day to day as long as it may be necessary for the transaction of its business."

In Harris v. Nixon, 27 App.D.C. 94, this court observed that the statute limits the term of the Police (part predecessor to the present Municipal) Court to one month and empowers the court to continue the term from day to day. The opinion added: "The expression 'from day to day' suggests that it was not contemplated that the continued term would extend beyond the period of the next term of the police court. It is at least doubtful whether the statute intends that a term of court whose duration is one month may be continued from month to month, and, as in this case, whether the January term should be continued until the November term." Without intending to be understood as enlarging the comment on the statute expressed in Harris v. Nixon, we hold that in this case the Municipal Court could not extend the August, 1942, term until September 3, 1943. Hence, the court could not at that time reduce the sentences imposed more than a year before.

██ In the second place, the effect of a probation order is not to reduce the sentence to the time already served. While on probation, the prisoner continues to be, in a sense, in custodia legis, and, by the terms of the order in this case, the sentence continues to run. Instead of being reduced, the sentence is, through the grace of the statute, merely in a state of suspended animation, assuming probation to have been properly granted. But, as the order of probation was void, it had no legal effect. The release of the appellant was premature and it was the duty of the court to cause him to be recommitted. The argument that the void order of probation amounted to an unconditional reduction of sentence seems to us to be without merit.

Having reached the conclusion that probation was not properly granted, it is unnecessary to discuss the appellant's contention that he was not accorded a fair hearing at the time the probation was revoked. The judgment of the District Court is affirmed.

Affirmed.

---

[1] United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309.