## COOPER v. UNITED STATES.

### No. 410.

Municipal Court of Appeals for the
District of Columbia.

Aug. 30, 1946.

Lewis E. Barnes, of Washington, D. C., for appellant.

Edward M. Curran, U. S. Atty., of Washington, D. C. (Joseph F. Lawless, Jr. and John P. Burke, Asst. U. S. Attys., both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This appeal involves the legality of the arrest of a probationer, and also the legality of the revocation of her probation. Defendant having pleaded guilty to two informations charging petit larceny, she was on November 12, 1940, sentenced to sixty days imprisonment on each charge, the sentences to run concurrently. The execution of the sentences was suspended and defendant placed on probation for one year. She subsequently failed to report to the Probation Officer in accordance with the terms of her probation. After a time the Probation Officer was unable to locate her, and an attachment was issued for her arrest on April 17, 1941. This attachment

was shortly returned by the Police Department, with the notation, "This woman is not known at 725 Fairmont Street, N. W." From November 12, 1940 until May 1946, for approximately six years, the period of probation was continued every six months by formal court orders, noted in the records of the case.

In March 1946 the Probation Officer learned from the Federal Bureau of Investigation that defendant had been arrested on a charge of forging a government check. When she appeared in the District Court on May 16, 1946, to answer an indictment for that offense she was arrested at the direction of the Probation Officer and taken before the Municipal Court. There the matter was continued to May 23, 1946. On this later date the United States Attorney moved to revoke the probation. Counsel for defendant resisted the motion, and moved to quash the arrest and discharge defendant. The court took testimony on both motions. The Probation Officer testified concerning defendant's failure to comply with the terms of her probation and his inability to locate her. He also testified defendant had told him after her arrest that she had failed to comply with the terms of her probation because of illness; that she 'could have done so after she recovered, but did not think she was required to. She also revealed to him that she had married in December 1943, that she had lived with her husband at Newport News, Virginia, for a year, and since then at a local address unknown to the Probation Office. Defendant admitted to the judge that she could have gone to see or communicated with the Probation Office, and gave no reason for having failed to do so. The court denied defendant's motion to quash, granted the Government's mo-

tion to revoke the probation, and ordered the sentences executed.

■ Defendant's appeal, as we have said, raises two questions: the validity of her arrest, and the legality of the revocation of her probation. Defendant's first contention is that no misdemeanor had been committed in the presence of the arresting officer, that there was no probable cause to believe a felony had been committed, and that her arrest was therefore illegal. The short answer to that contention is that defendant, as a probationer, did not enjoy the same standing as other citizens. She had already been convicted and sentenced. The sentence was not suspended, but merely the execution of the sentence.[1] The sentence was "through the grace of the statute, merely in a state of suspended animation * * *."[2] Being in custodia legis,[3] the familiar requirements as to probable cause or the commission of an offense did not apply to her. She was subject to the orders of the court throughout her probationary period.[4]

■ But defendant contends that at the time of her arrest the probationary period had expired and the court had lost jurisdiction. It is true that the first attachment had been returned unexecuted. But it is also true that the court had carefully extended the period of probation every six months, and kept it alive until defendant was apprehended. This did not violate the Probation Act, for the Act does not limit either the number or length of extensions of probation.[5]

■ Defendant relies on the Federal Probation Law to support her contention that the period of probation may not exceed five years, and that no warrant for violations may issue except within the

[1] Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204.

[2] Peden v. Fleming, U.S.App.D.C., 153 F.2d 800, 801.

[3] Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497; Peden v. Fleming, supra.

[4] Code 1940, § 24—104: "At any time during the probationary term * * * the court may revoke the order of probation and cause the rearrest of the pro-

bationer * * *" and order execution of sentence.

[5] Code 1940, § 24—104: "Upon the expiration of the term fixed for such probation, the probation officer shall report that fact to the court, with a statement of the conduct of the probationer while on probation, and the court may thereupon discharge the probationer from further supervision, or may extend the probation, as shall seem advisable."

 

maximum period for which defendant might originally have been sentenced.[6] This is a correct statement of the federal law; but it does not apply here. The federal law expressly excepts the District of Columbia from its operation.[7] This case is therefore to be governed entirely by the local statute, and it is clear from what we have said that the statute was fully and carefully complied with. It is also clear that the court had jurisdiction to reconsider defendant's probation and to revoke it, if the public interest seemed to justify such action.

■ Defendant next asserts that her arrest was illegal because she was at the time attending the United States District Court "in response to a duly executed summons." It has long been settled that parties and witnesses attending any legal tribunal in good faith are privileged from service of civil process or arrest under such process during their attendance and for a reasonable time in going and returning.[8] But the rule does not operate for the benefit of one arrested on a criminal charge.[9]

■ We deal now with defendant's final contention: that because the judge who sentenced her is no longer in office, no other judge of the court can revoke her probation. This contention is completely without merit. When the sentencing judge extended the benefits of probation to the defendant his act was an act of the court. And even if he were still holding office it would not be illegal for another judge of the court to hear and determine the matter of revocation of probation.[10]

From our very careful study of the record, and of all applicable decisions, we are satisfied that the proceedings below were in all respects regular, and that defendant's plight is attributable entirely to her failure to observe the terms of her probation.

Affirmed.

[6] 18 U.S.C.A. § 724.

[7] 18 U.S.C.A. § 724.

[8] Engle v. Manchester, 46 App.D.C. 220; Church v. Church, 50 App.D.C. 239, 270 F. 361, 14 A.L.R. 769; Larned v. Griffin, C.C.D.Mass., 12 F. 590; Kaufman v. Garner, C.C.W.D.Ky., 173 F. 550; Roos v. H. W. Roos Co., 64 Ohio App. 464, 28 N.E.2d 1008.

[9] Ex parte Levi, D.C.W.D.S.C., 28 F. 651; Schwartz v. Dutro, Mo.Sup., 298 S.W. 769; White v. Underwood, 125 N. C. 25, 34 S.E. 104, 46 L.R.A. 706, 74 Am. St.Rep. 630. See also Starret's Case, 1788, 1 Dall., Pa., 356, 1 L.Ed. 174; 2 R.C.L. 479; 4 Am.Jur. 68; 6 C.J.S., Arrest, § 3, p. 574.

[10] United States v. Greenhaus, D.C.N. Y., 14 F.Supp. 368, affirmed 2 Cir., 85 F. 2d 116, certiorari denied 299 U.S. 596, 57 S.Ct. 192, 81 L.Ed. 439.