## ZIEGLER v. DISTRICT OF COLUMBIA.

### No. 871.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 9, 1950.

Decided Feb. 16, 1950.

Louis Ginberg, Washington, D. C., with whom Joseph Ginberg, Washington, D. C., was on the brief, for appellant.

Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellee.

7. Wilson v. Newburgh, 42 App.D.C. 407, 409.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of violation of a traffic regulation which requires that "An operator shall, when operating a vehicle, give his full time and attention to the operation of the same,"[1] and was sentenced to serve ten days in jail but execution of the sentence was suspended on appellant's promise under oath not to repeat the offense.

The government has moved to dismiss the appeal on the ground that no valid sentence has been imposed from which an appeal may be taken. Its position is that, in the absence of statutory authority, the trial court has no authority to indefinitely or permanently suspend execution of a sentence in a criminal case.

For many years there has existed in the trial court and its predecessor (the Police Court) the practice of suspension of execution of sentence on the personal bond or recognizance of the defendant. Such suspension is permanent in effect. The government admits that this practice is of long standing and asserts that it has in many instances served a salutary purpose, but now contends that the practice is without authority in law.

We are compelled to agree that the suspension of execution of the sentence in the manner done here was beyond the authority of the court and was void and of no effect. Since the decision of the Supreme Court in Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129, L.R.A.1917E, 1178, Ann.Cas.1917B, 355, it has been established that, in the absence of statutory authority, there is no inherent right in any court of the federal judicial system to suspend execution of sentence in a criminal case.[2] Power today in the federal courts to suspend imposition or execution of a sentence is derived from the Federal Probation Act.[3] Under the District of Columbia Probation Act,[4] the trial court is authorized to suspend imposition or execution of sentence and place defendant on probation,[5] but clearly the suspension of execution of sentence in this case was not, and did not purport to be, exercised under the authority of the probation law. There is no statute in the District giving general authority to suspend execution of a sentence, and the suspension in the instant case has no basis other than the established practice, which, as we have said, has no authority in law. The general penalty clause of the Traffic Regulations (sec. 69 of the 1947 edition, sec. 158 of the 1949 edition) provides that one convicted of violation of any traffic regulation "shall" be punished by a fine or imprisonment or both.[6]

We do not however agree with the government that there is no appealable judgment. Appellant was charged, tried, convicted and sentenced. The unauthorized suspension of execution of sentence did not take away appellant's right of appeal.[7] The court had the power to impose the sentence and the void suspension does not void the sentence.[8]

1. Traffic and Motor Vehicle Regulations for the District of Columbia, Part I, 1947 Ed., section 29(a). This regulation is now found in section 99(c) of the 1949 Regulations.

2. See also Musick v. United States, 3 Cir., 2 F.2d 711; Zerbst v. Murphy, 5 Cir., 92 F.2d 671, certiorari denied 303 U.S. 650, 58 S.Ct. 749, 82 L.Ed. 1111; United States v. La Shagway, 9 Cir., 95 F.2d 200.

3. Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282; Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41.

4. Code 1940, 24—101 et seq.

5. Peden v. Fleming, 81 U.S.App.D.C. 2, 153 F.2d 800; Basile v. United States, D.C.Mun.App., 38 A.2d 620.

6. For example of statutory authority to suspend imposition or execution of a sentence on condition in a specific type of case, see the Communicable Disease Act of 1946, Code 1940, Supp. VII, § 6—119h.

7. Cf. Toyasaburo Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497.

8. Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129, L.R.A.1917E, 1178 Ann.Cas.1917B, 355; Watkins v. Merry, 10 Cir., 106 F.2d 360; Zerbst v.

■ Appellant attacks the validity of the regulation, asserting that it is ambiguous and vague in meaning. Although general in its terms, we think the regulation is understandable and sufficiently definite to inform a motorist of the duties required by it. Everyday experience teaches that driving an automobile on the streets of the District requires the undivided attention of the driver and that if he allows his mind to be diverted from operation of the car damages to person or property will almost inevitably occur.

Appellant further contends that the regulation is limited in its scope because it was originally enacted as an amendment or addition to section 29(a) which provided: "No person shall drive any vehicle when such vehicle is so loaded or when there are in the front seat of such vehicle such number of persons as to obstruct the view of the driver to the front or sides or to interfere with the driver's control over the vehicle." Appellant says the amendment must be read with the foregoing and its applicability limited to instances where the driver's attention is diverted by passengers or articles in the automobile itself. We cannot agree. The amendment, we think, was complete in itself and was directed at any diversion of the driver's attention. One's attention can be as easily diverted by something outside the car or by one's own thoughts as by a passenger or tangible object within the car. The purpose of the regulation is that the driver shall allow nothing to prevent him giving all the time and attention to his driving that the situation requires.

Appellant also argues that there was no evidence that he was not devoting his full time and attention to the operation of the vehicle or that he was devoting his time and attention to anything other than his driving. In substance, the evidence was that at about 11:45 in the morning of a clear day the appellant at a speed of about 8 or 10 miles an hour was making a left-hand turn from Ontario Road into Columbia Road when five small children attempted to cross Columbia Road. Three of the children, in advance of the other two, made the crossing safely but the other two were struck by appellant's automobile. Appellant's explanation was that he saw the three children but in keeping his attention on them he failed to see the other two.

■ It is true that there was no direct testimony that appellant failed to give his full time and attention to his driving, but we think the evidence, considered as a whole, warranted the trial court in so finding. Proof of violation of this regulation in most cases must necessarily consist of circumstantial evidence, and such evidence is sufficient to sustain a criminal conviction.[9]

The judgment (sentence) must be affirmed and the order of suspension vacated. In view of the trial court's attempted suspension of execution of sentence it may be that the trial court will now wish to reconsider the sentence, and the case will be remanded for that purpose.[10]

Judgment affirmed, order suspending execution of sentence vacated, and case remanded.

Murphy, 5 Cir., 92 F.2d 671, certiorari denied 303 U.S. 650, 58 S.Ct. 749, 82 L. Ed. 1111; United States v. Greenhaus, 2 Cir., 85 F.2d 116, 107 A.L.R. 630, certiorari denied 299 U.S. 596, 57 S.Ct. 192, 81 L.Ed. 439; Morgan v. Adams, 8 Cir., 226 F. 719.

9. Hardeman v. United States, 82 U.S.App. D.C. 194, 163 F.2d 21.

10. The former rule was that a sentence could be reduced only during the term of court at which imposed. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L. Ed. 354; Peden v. Fleming, 81 U.S.App. D.C. 2, 153 F.2d 800. Criminal Rule 1 (b) of the trial court, substantially the same as Rule 45(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., now provides: "The period of time provided for the doing of any act or the taking of any proceeding is not affected nor limited by the expiration of a term of Court. The expiration of a term of Court in no way affects the power of the Court to do any act or take any proceeding in any case which has been pending before it." Although the federal rules did away with the term limitation they expressly limited the time in which a sentence may be reduced. See Rule 35. The Municipal Court should consider the advisability of adopting a similar rule.