Opal **JOHNSON**, Appellant,

v.

**DISTRICT OF COLUMBIA**, Appellee.

No. 2071.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 21, 1957.

Decided Jan. 14, 1958.

568

Alton S. Bradford, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of violating a traffic regulation requiring that: "An op-erator shall, when operating a vehicle, give his full time and attention to the operation of the same."[1] The substance of this appeal is that the evidence did not justify a finding of guilt.

Appellant drove her automobile into an uncontrolled street intersection and it was struck by an automobile approaching on her left. The evidence tended to show that at the time of impact the striking vehicle had proceeded 26 feet into the intersection and appellant had proceeded only 11 feet. Appellant's testimony was that the intersection was clear when she entered and she did not see the other automobile until "possibly a fraction of a second" before the impact.

Obviously the other automobile was in, at or very near to the intersection when appellant entered, and with proper observation she should have seen it. Her failure to see what was to be seen warranted a finding by the trial court that she was not giving full time and attention to operation of her vehicle. The regulation is not directed solely to the mechanical operation of a vehicle; it requires full time and attention to operation in a safe and prudent manner.

An error assigned, but not argued in the brief, relates to the refusal of the trial court to receive in evidence the fact that the driver of the striking vehicle was charged with failure to yield right of way and forfeited collateral. We see no error. Defense counsel was permitted to fully cross-examine the other driver as to all his actions leading up to the collision. Any charge placed against that driver and the disposition thereof were immaterial to the issue in this case. His violation of one regulation would not excuse appellant's violation of another regulation.

Affirmed.

1. D. C. Traffic & Motor Vehicle Regulations, Part I, § 99(c). See Ziegler v.

District of Columbia, D.C.Mun.App., 71 A.2d 618.