**Derrick JONES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 87-881.**

District of Columbia Court of Appeals.

Argued Sept. 20, 1988.
Decided June 16, 1989.

Page Kennedy, Public Defender Service, with whom James Klein, David A. Reiser, and Jo–Ann Wallace, Public Defender Service, were on the brief, for appellant.

Ann K.H. Simon, Asst. U.S. Atty., with whom Timothy J. Reardon III, Principal Asst. U.S. Atty., Michael W. Farrell, Elizabeth Trosman, David M. Gaouette, and Patricia Z. Stewart, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS *, Chief Judge, and BELSON and TERRY, Associate Judges.

BELSON, Associate Judge:

This appeal presents the question whether the trial court can use its contempt power to enforce a condition of probation after the expiration of the probationary period. We hold that the trial court cannot do so.

Appellant Derrick A. Jones pled guilty to a misdemeanor charge of malicious destruction of property, D.C.Code § 22–403 (1981). The trial court sentenced him to sixty days in jail, suspended execution of the sentence, and placed appellant on supervised probation for one year. As part of the terms of probation, the court required appellant to pay restitution in the amount of $328.00 within 120 days and to perform 60 hours of community service within 60 days.

Approximately one and a half months after appellant's probationary term had expired, the court issued an order requiring appellant to appear before the court to show cause why his probation should not be revoked for failure to make restitution. Appellant duly appeared and, through counsel, challenged the show cause order on the ground that his probation had expired. The court took the matter under advisement, and subsequently issued a second order acknowledging that it was "without jurisdiction to proceed in a probation revocation hearing" but requiring appellant to appear and show cause why he should not be held in criminal contempt. After a contempt proceeding, the judge found appellant guilty of criminal contempt, sentenced him to serve forty-five days in jail, and again ordered him to pay restitution of $328.00.

Appellant contends that the trial court erred in holding him in criminal contempt of court. He argues that because his term of probation had expired before the issuance of the first show cause order on

---

* Judge Rogers was an Associate Judge of this court at the time of argument. Her status changed to Chief Judge on November 1, 1988.

May 13, 1987, the court was without jurisdiction over him not only for purposes of revoking probation, but of adjudicating contempt as well. Thus, appellant maintains, the lapsed order of probation afforded the court no basis to take action against him. We agree and reverse.

■■■ D.C.Code § 16–711 (1988 Supp.) provides, *inter alia*, that the trial court may impose restitution "as a condition of probation or as a sentence itself...." On the "Judgment and Commitment/Probation Order" that the judge signed when he originally imposed sentence, the judge checked the box next to the word "restitution" and entered the amount of $328.00 in the space provided under the heading "conditions of probation." This indicated that restitution was a condition of probation and not a separate sentence. We recognize, however, that it is the oral pronouncement of sentence which controls. *See Valentine v. United States*, 394 A.2d 1374, 1375 (D.C. 1978). In this case, the oral pronouncement also indicates that the judge regarded the requirement of restitution in the amount of $328.00 as a condition of probation. The judge specifically told the defendant that if he did not pay the restitution or if there was "any other violation of the general conditions of probation ..." he would revoke appellant's probation and impose the sixty-day suspended sentence. In sum, the record shows unambiguously that the $328.00 restitution was imposed as a condition of probation rather than as a separate sentence.[1]

D.C.Code § 24–104 (1988 Supp.) governs the authority of the Superior Court over probationers. It states in part:

Upon the expiration of the term fixed for such probation, the probation officer shall report that fact to the court, with a statement of the conduct of the probationer while on probation, and the court may thereupon discharge the probationer from further supervision, or may extend the probation, as shall seem advisable. *At any time during the probationary term* the court may modify the terms and conditions of the order of probation, or may terminate such probation, when in the opinion of the court the ends of justice shall require, and when the probation is so terminated the court shall enter an order discharging the probationer from serving the imposed penalty; or *the court may revoke the order of probation and cause the rearrest of the probationer* and impose a sentence and require him to serve the sentence or pay the fine originally imposed, or both, as the case may be, or any lesser sentence.

(Emphasis added.) We interpreted the emphasized portion of § 24–104 in *Dent v. District of Columbia*, 465 A.2d 841 (D.C. 1983). At issue in *Dent* was whether a show cause order issued during the probationary term was sufficient to toll the expiration of the appellant's probation. We stated that

neither a formal order of extension of the probationary period for a specific time nor a voluntary appearance by the probationer is necessary to toll the expiration of the probationer's term, if appropriate steps are taken by the trial court prior to that date to put the probationer on notice that probable cause exists for revocation of probation and [the court] provides him an opportunity to be heard before revocation is effected.

*Id.* at 842–43 (citation omitted). We went on to hold that the timely issuance of an order to show cause satisfied that requirement. In this case, however, the trial court failed to take any steps during appellant's probationary term in order to preserve its authority over appellant under D.C.Code § 24–104. Therefore, the language of § 24–104 that we construed in *Dent* gave the trial court no authority to revoke appel-

---

1. We emphasize that the judges of the trial court retain the authority under D.C.Code § 16–711 to impose restitution as a separate sentence which would then be enforceable through the court's contempt power. *But see* discussion of *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987), *infra* p. 516; *Maggio v. Zeitz*, 333 U.S. 56, 74 n. 7, 68 S.Ct. 401, 410 n. 7, 92 L.Ed. 476 (1948) (inability to comply is a defense to contempt). *Accord, Smith v. Smith*, 427 A.2d 928, 932 (D.C. 1981) (severe sanction of incarceration for contempt must be predicated on a finding that the defendant has the ability to pay).

lant's probation, and the court so acknowledged.[2]

■ We observe that D.C.Code § 24–104 expressly limits the extent of the sanction the trial court can impose for violations of conditions of probation. This statute provides that upon revocation the court may "impose a sentence and require [defendant] to serve the sentence or pay the fine originally imposed, or both, as the case may be, or any lesser sentence." Thus, in sanctioning violations of conditions of probation, the trial court is limited to the sentence originally imposed, see *Roberts v. United States*, 320 U.S. 264, 272–73, 64 S.Ct. 113, 117–18, 88 L.Ed. 41 (1943), or a lesser sentence, *Mulky v. United States*, 451 A.2d 855, 856 (D.C.1982). Probation is a conditional exemption from more severe punishment. It is an act of grace. *See Peden v. Fleming*, 81 U.S.App.D.C. 2, 3, 153 F.2d 800, 801 (1946).[3] When a probationer violates a condition of his probation, the only appropriate sanction is a withdrawal of the previously afforded favorable treatment rather than the imposition of an additional penalty. Punishment for contempt is an additional and separate penalty. As the court stated in *Williams v. State*, 528 A.2d 507 (Md.App.1987):

> [w]hen the [trial] court convicted the appellant of criminal contempt for violating that condition, and proceeded to sentence [him] for it, it did not merely withdraw the favorable treatment previously afforded [him]; it imposed a new and additional punishment.... A court cannot do indirectly what it cannot do directly.

*Id.* at 509–10. The government argues that appellant's penalty for criminal contempt was not additional punishment for the original offense for which he was placed on probation, but rather constituted punishment for a new and distinct offense. The government's reliance here upon *Bloom v. Illinois*, 391 U.S. 194, 204, 88 S.Ct. 1477, 1483, 20 L.Ed.2d 522 (1968), and *Young v. United States ex rel. Vuitton et Fils S.A., supra*, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740, is misplaced. As the Supreme Court has made clear,

> Our insistence on the criminal character of contempt prosecutions has been intended to rebut earlier characterizations of such actions as undeserving of the protections normally provided in criminal proceedings.... That criminal procedure protections are now required in such prosecutions should not obscure the fact that these proceedings are not intended to punish conduct proscribed as harmful by the general criminal laws. Rather, they are designed to serve the limited purpose of vindicating the authority of the court.

*Young, supra*, 107 S.Ct. at 2133 (citation omitted). In view of this limited purpose, the Supreme Court has taken special pains to emphasize that courts should exercise great restraint in using the contempt power.

> While a court has the authority to initiate a prosecution for criminal contempt, its exercise of that authority must be restrained by the principle that "only '[t]he least possible power adequate to the end proposed' should be used in contempt cases...."

*Id.* at 2134 (citation omitted). The availability of revocation of probation accompanied by imposition of the original sentence or a portion of that sentence provides the

---

**2.** In *Dent*, this court did not undertake to construe or apply the language of the first sentence of § 24–104 which deals with reports made by a probation officer to the court upon the expiration of the term fixed for probation. The statute provides that the probation officer shall make a report at that juncture and that "the court may thereupon ... extend the probation." There is no contention here, nor was there in *Dent*, that the court was acting upon such an expiration of probation report. It is, therefore, unnecessary for us to consider the application of that language to this case.

**3.** We note that under D.C.Code § 16–710 (1988 Supp.) persons may not be put on probation without their consent. Thus, the court has authority to impose conditions only by the probationer's consent. This does not mean that once a convicted person agrees to probation the conditions imposed are optional and probationers are free to violate them. A convicted defendant, however, may decline probation and its conditions, and choose to complete whatever non-probationary sentence the judge imposes within the statutory limits for the offense.

court with ample power to vindicate its authority should a probationer violate a condition of probation. We hold that the use of the contempt power is inappropriate in such a circumstance, and that violation of a condition of probation may be sanctioned only through revocation of probation and imposition of all or part of the original sentence. Accordingly, the judgment of the trial court is *Reversed.*