**UNITED STATES of America,
Plaintiff,**

v.

**Joseph A. BORAWSKI, Defendant.
No. 68–CR–180.**

United States District Court
E. D. New York.
March 28, 1969.

Vincent T. McCarthy, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., for plaintiff.

Joseph A. Borawski, pro se.

## MEMORANDUM AND ORDER

JUDD, District Judge.

The defendant has applied, by a letter received on March 20, 1969, for correction of his sentence. A prior motion for reduction of sentence was denied on January 8, 1969. Since the defendant's letter was received too late for the court to act within 120 days of the imposition of sentence on November 21, 1968, it will not be treated as a renewal of his prior motion. F.R.Cr.P. 35. Instead, it will be treated as a motion to correct an illegal sentence, which can be made at any time.

The defendant was convicted on his plea of guilty of the embezzlement of a letter from the United States mail. He was advised as to the Youth Corrections Act at the time of the plea. He was sentenced to

"imprisonment for a period of Three (3) years on Count 1 pursuant to Title 18, U.S. Code, Sec. 3651 and Sec. 5010(a) of the Youth Corrections Act. Defendant is to serve 6 months and the execution of the remainder of sentence is suspended and the defendant is placed on probation for a period of 30 months, subject to the standard conditions of probation as set forth in the standing order of this court dated October 13, 1964."

The defendant's contention is that he has been sentenced under two conflicting sections for the same crime, since he asserts that the Youth Corrections Act does not permit the type of split sentence which may be given under Section 3651. In considering this contention, it ·is pertinent to review the circumstances under which the sentence was imposed.

The mail theft for which defendant was sentenced involved operations by three postal employees, all of whom pleaded guilty. Each was given a split sentence under 18 U.S.C. § 3651, with this defendant's period of incarceration somewhat longer than the others, because he appeared to have greater responsibility than the others. A provision was also inserted, in the case of defendant and one of his confederates, both being under 26 years of age, that the sentence should be subject to 18 U. S.C. § 5010(a), the probation provision of the Youth Corrections Act.

The court's primary consideration was that the stealing of money from the mail requires a period of imprisonment, but that the imprisonment should not be as long as might result from a commitment under the Youth Corrections Act, where confinement may be as long as six years, and the average period before release from prison is almost two years. (Desk Book for Sentencing, Table 11, Administrative Office of the United States Courts.) The reference to the Youth Corrections Act was inserted in the sentence in order to give defendant the possibility of having his conviction erased if he made a good record in the future (18 U.S.C. § 5021).

Section 5010(a) provides: "If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation." Strictly interpreted, this section may be inapplicable here, since this court determined that a combination

of six months imprisonment and a thirty-month probationary period was appropriate; but the statute was cited in order to confer a benefit on defendant.

 Defendant, a first offender, is twenty years old. Sentence under Section 3651 alone would have denied him the opportunity to have his conviction expunged upon the satisfaction of the terms of his probation.

Revising the sentence so as to eliminate the allegedly inconsistent reference to Section 5010(a) would be of no benefit to the defendant. Nor should the reference to Section 5010(a) invalidate the sentence under Section 3651.

Efforts to mesh the Youth Corrections Act with the sentencing discretion afforded a judge under other provisions of the Criminal Code have given rise to controversy before. Where an initial two-year prison sentence had been suspended and the defendant placed on probation on condition that he make restitution, it was held that on violation of probation he could be committed under the Youth Corrections Act [18 U.S.C. § 5010(b)], even though this might result in confinement for a longer period than the original sentence. Young Hee Choy v. United States, 322 F.2d 64 (9th Cir. 1963). In another case, where defendant was placed on probation for five years and then committed as a youthful offender when his probation was revoked, the court sustained the propriety of the second sentence, stating

"We think that 'probation', as used in § 5010(a) means probation as defined in §§ 3651 and 3653 (see § 5023(a))." Cherry v. United States, 299 F.2d 325, 326 (9 Cir.).

Where a defendant was sentenced to a term of three to nine years under the Youth Corrections Act, it was held that he must be resentenced, because the Youth Corrections Act contains no minimum. The court observed that it was doubtful whether a Youth Corrections Act sentence would be more or less severe than the sentence imposed by the trial court, but said

"* * * a person sentenced under the Youth Corrections Act can, by virtue of his own good conduct, be spared the lifelong burden of a criminal record." Tatum v. United States, 114 U.S.App.D.C. 49, 310 F.2d 854, 856 (1962).

In the light of these cases, there is no reason to anticipate that defendant will fail to receive the benefits of the Youth Corrections Act, if he observes the conditions of his probation.

If petitioner had been sentenced under Section 5010(b) of the Youth Corrections Act, he would probably remain in confinement longer than he will under his present sentence, which combines Sections 3651 and 5010(a). With good time allowances, computed on the basis of the six-months imprisonment provided in the sentence, he should be eligible for release on about April 20, 1969.

No sufficient reason appearing for modifying the sentence originally imposed, the petition is denied.