**Grady L. WARREN, a/k/a Doctor Young, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6998.**

District of Columbia' Court of Appeals.

Submitted July 17, 1973.

Decided Sept. 25, 1973.

Leroy Nesbitt, Washington, D.C., for appellant.

David G. Larimer, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, Percy H. Russell, Robert S. Tignor and John T. Kotelly, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, GALLAGHER and PAIR, Associate Judges.

GALLAGHER, Associate Judge:

Appellant was indicted on one count of conspiracy to commit abortion.[1] He entered a plea of guilty and the court ordered a presentence report. After review of the report the court was unclear concerning the nature and extent of the defendant's participation in the conspiracy. After a conference in chambers with counsel the court concluded that in order to resolve the question of participation it would be advisable to conduct an evidentiary hearing in order to arrive intelligently at an appropriate sentence for the defendant. It subsequently developed at the hearing that appellant, a layman, performed an abortion and the lady died shortly thereafter. The trial court concluded that "[t]here is no need for abortions by a layman in the District of Columbia in view of the standards which now exist and there is no need for the kind of a tragic ending that occurred." Stating that this is an instance where the purpose of a sentence should be primarily deterrence, rather than

---

1. D.C.Code 1972 Supp., §§ 22–105a, 22–201.

rehabilitation, the court imposed a sentence of 20 months to 5 years imprisonment.

 Appellant contends, principally, that the presentence hearing conducted by the trial court was improper as it amounted to a trial on the question of who committed the abortion after the defendant had pleaded guilty to the conspiracy charge. He argues, further, that this prodedure required the waiver of appellant's Fifth Amendment rights as to the substantive crime of abortion. He complains that this resulted in a determination of guilt of a different offense.[2]

In conducting the presentence hearing in open court with counsel participating, the trial judge was making a conscientious effort to understand the measure of the defendant's conduct in the abortion referred to in the conspiracy charge in this proceeding. A plea of guilty does not insulate a defendant from this sort of inquiry. In exploring the circumstances of the abortion the trial court was performing a normal sentencing function. "In discharging his duty of imposing a proper sentence, the sentencing judge is authorized, if not required to consider all of the mitigating and aggravating circumstances involved in the crime." Williams v. Oklahoma, 358 U.S. 576, 585, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); *see, also* Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). What apparently prompted this appeal was that in his thoroughness the trial judge found more aggravating than mitigating circumstances in relation to the crime charged, and sentenced accordingly.

 There is no substance to the contention that appellant's Fifth Amendment rights were abridged during the hearing. His testimony at the hearing was voluntary. Though this particular defendant doubtless did not relish an inquiry into his participation in the crime, the court did not require him to testify.

The trial court stayed within its traditional role in the procedures it pursued in arriving at the sentence. While the presentence hearing is a procedure not followed, nor necessary, in an average case, we consider it was worthwhile here and we see no reason to fault it.

Affirmed.

2. Appellant makes additional variations of these contentions, which we find to be without merit.