**Milton L. BUTLER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 11725.**

District of Columbia Court of Appeals.

Submitted Aug. 25, 1977.

Decided Oct. 28, 1977.

John J. Stanton, Washington, D. C., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, David G. Hetzel, Gordon C. Rhea and Ann P. Gailis, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KERN, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

Appellant was arrested on September 13, 1976, by officers of the Narcotics Branch of the Metropolitan Police, who entered and searched his apartment at 3600 Ely Place, S.E., in the District of Columbia pursuant to a valid warrant and seized what was determined subsequently by a police chemist to be heroin.

On November 30, 1976, appellant pleaded guilty to a misdemeanor information charging possession of heroin. This plea was entered in return for an agreement by the government not to seek indictments on a felony drug charge or on a charge of unauthorized possession of a pistol, found at appellant's apartment in the course of a valid search.

At the time of his arrest, appellant was on probation in the United States District Court following two convictions on drug charges. On December 14, 1976, the District Court revoked appellant's probation and committed him to the custody of the Attorney General for an examination under the Narcotic Addict Rehabilitation Act (NARA)[1] to determine if appellant was a heroin addict, and as such an appropriate subject for rehabilitation.

■ Meanwhile, on January 3, 1977, appellant was sentenced on the misdemeanor charge to the statutory maximum of one year's imprisonment. The trial judge said that he would reconsider this sentence on March 3, 1977, by which time he anticipated completion of the NARA study. He termed the one-year sentence "conditional" and the

1. 18 U.S.C. § 4252 (1966).

sentence to be imposed upon reconsideration on March 3 "final." He failed to specify any condition so we regard the terms used not to be controlling. Further, there is no statutory authority in this jurisdiction for conditional sentencing. Super.Ct.Cr.R. 35(a) empowers the trial judge to *reduce* a sentence within 120 days of imposition. Because the trial judge had imposed on appellant the maximum sentence, a later modification could have resulted only in a reduction. Thus, regardless of his terminology, the action contemplated by the trial judge was within his statutory authority, and he reserved for himself no more than the power which he already possessed under Rule 35.

The court held appellant without bond, stating that it could not in good conscience release appellant and that in any event bond would be academic because appellant was being taken to the federal prison in Danbury for the NARA study. As it turned out, this study was not completed on time, requiring postponement of the March 3 hearing.

The District Court thereafter received an assessment by NARA authorities that appellant was not an appropriate subject for rehabilitation, and on May 11, 1977, ordered appellant to begin serving federal sentences of one year on one count and of from two to six years on another, to run concurrently with each other and with the sentence to be imposed by Superior Court. Appellant's sentence here was never modified.

Appeal is taken from the January 3, 1977, Superior Court sentencing hearing and presents for resolution two issues. First, was the sentence imposed on January 3, 1977, a final order from which appeal to this court can be taken as a matter of right? Second, did the court err in considering for sentencing purposes certain admissions by appellant in the presentence report that appellant had acted as a "go-between" in narcotics transactions? Appellant asserts that his sentence violates due process and seeks that it be vacated and that this case be remanded for resentencing.

We hold that we have jurisdiction and, finding no due process violation, we affirm.

### I. *Jurisdiction*

The government contends that we should dismiss because the sentence from which this appeal is taken was not a final order from which appeal can be taken as a matter of right. The government argues that the terminology used by the court controls the question, and that because the trial judge termed the sentence "conditional," it was not final and appealable. We have noted, *supra,* our view of the effect of this terminology.

Although appellant's sentence was subject to modification it had been imposed before the appeal was taken. His term began to run when he was held without bond after sentencing pending the NARA study.

■ Final judgment in a criminal case means sentence. *Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937). "Whether there has been a sentence depends on whether defendant has been subject to judicial control. When discipline has been imposed, the defendant is entitled to review." *Langley v. District of Columbia,* D.C.App., 277 A.2d 101, 103 (1971), *citing Korematsu v. United States,* 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943). This court has noted recently that a judgment is appealable even though execution of the sentence was suspended, as long as *imposition* of the sentence was not suspended. *In re Cys,* D.C.App., 362 A.2d 726 (1976), *citing Berman v. United States, supra.*

The result here is consistent with *Berman,* in which execution of petitioner's prison sentence was suspended by the District Court, causing the United States Court of Appeals to dismiss for lack of a final judgment below. The Supreme Court reversed, noting that "[i]n criminal cases . . . the judgment is final for the purpose of appeal 'when it terminates the litigation . . . on the merits' and leaves nothing to be done but to enforce by execu-

tion what has been determined." *Id.* at 212–13.

■ *Korematsu, supra,* carried the *Berman* rationale a step further, holding, in response to a question certified by the Ninth Circuit, that judgment was final and thus appealable where the court imposed not sentence, but probation which was to be enlarged into sentence under appropriate circumstances. *Korematsu v. United States, supra,* 319 U.S. at 435, 63 S.Ct. 1124. Likewise in *Ziegler v. District of Columbia,* D.C.Mun.App., 71 A.2d 618, 619 (1950), this court followed, as it must, the teaching of *Berman* and *Korematsu* in upholding appellant's right to appeal where the trial court suspended execution of sentence. *See also Blohm v. District of Columbia,* D.C.Mun. App., 113 A.2d 111 (1955). That this appeal presents a sentence subject to modification, rather than probation in lieu of sentence, (*Korematsu, supra*), or a suspended sentence, (*Ziegler, supra*), or one wherein execution was suspended, (*Berman, supra*), does not remove the instant case from the precedential purview of those cases. We hold that we have jurisdiction to hear this appeal.[2]

## II. *The Substantive Issue*

■ Appellant contends that the court committed error in considering for sentencing purposes certain admissions by appellant appearing in the presentence report that appellant had acted as a "go-between" in narcotics transactions. Appellant argues that this led the court to impose the maximum possible misdemeanor sentence of one year.

The Supreme Court has approved the use of similar information in *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).[3] There the Court said that it has long been recognized that "a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law" (*id.* at 246, 69 S.Ct. at 1082), and that "[h]ighly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." (*Id.* at 247, 69 S.Ct. at 1083 (footnote omitted).) It said further: "The due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure." (*Id.* at 251, 69 S.Ct. at 1085.)[4]

This court, too, has recognized the great latitude permitted trial judges in the sentencing process. *Warren v. United States,* D.C.App., 310 A.2d 228, 229 (1973).

> The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in the correctional treatment of the defendant, and such other information as may be required by the court.

**2.** Cases cited by the government in support of dismissal are factually inapposite to the instant case. In *West v. United States,* D.C.App., 346 A.2d 504 (1975), finality was found lacking because appeal was taken *before* sentence was announced. In *Frederick v. United States,* 458 F.2d 394 (9th Cir. 1972), a decision not controlling on this court, the Court of Appeals dismissed for lack of requisite finality below an appeal from the lower court's denial of appellant's motion for correction of sentence under 28 U.S.C. § 2255 (1970) wherein the court said that it would not finally dispose of the matter until notified of the Parole Board's decision.

**3.** The presentencing statute examined in *Williams,* § 482 of the New York Criminal Code, provided that the sentencing judge "may seek any information that will aid the court in determining the proper treatment of . . . defendant." *Williams, supra* at 243, 69 S.Ct. at 1081. This is similar to Super.Ct.Cr.R. 32(b)(2), which provides:

**4.** *Williams* parallels the instant case, in which the court relied on appellant's admissions of involvement in narcotics trafficking. One other parallel is significant. In *Williams,* appellant's confessions to burglaries were corroborated by his identification as the perpetrator. *Id.* at 244, 69 S.Ct. 1079. In the instant case, appellant's admissions were corroborated by the affidavit in support of the search warrant for appellant's home, in which an informant asserted that he had purchased heroin from appellant.

In light of *Williams,* it was not error for the trial court to consider appellant's admissions included in the presentence report.[5] We thus

*Affirm.*

**5.** Cases cited by appellant are wide of the mark. *United States v. Malcolm,* 432 F.2d 809 (2d Cir. 1970), indeed recognized the trial judge's right to rely on a wide range of information for sentencing purposes. Fatal in that case was the court's finding that the trial judge had possibly relied on a distorted version of the facts. Likewise, in *Cook v. Gray,* 530 F.2d 133 (7th Cir.), *cert. denied,* 425 U.S. 980, 96 S.Ct. 2187, 48 L.Ed.2d 806 (1976), the court found that the trial judge had relied on misinforma-tion. Finally, in *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), the Court reversed on due process grounds petitioner's conviction because (1) the trial judge had relied on misinformation (2) the trial judge had acted in bad faith and (3) petitioner had not been represented by counsel. In the instant case, the trial judge relied on information provided by appellant and the truth of which neither appellant nor his counsel refuted, as they could have, in open court.