Eric L. CLARK, Appellant,

v.

UNITED STATES, Appellee.

No. 79–938.

District of Columbia Court of Appeals.

Argued May 8, 1980.

Decided June 20, 1980.

Michael S. Frisch, Washington, D. C., for appellant.

William A. Bowman, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry and John C. Aisenbrey, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and PRYOR, Associate Judges.

---

**718**

PER CURIAM:

The only question presented here is whether judges of the Superior Court of the District of Columbia have authority to impose a split sentence in circumstances where the accused is being committed under the provisions of the Federal Youth Corrections Act[1] (hereafter referred to as "the Youth Act"). Concluding that they lack such authority, we affirm.

## I

After a plea of guilty to the charge of attempted petit larceny, D.C.Code 1973, §§ 22–103, –2202, appellant, on December 19, 1978, was given a suspended sentence and was placed on probation for one year. When appellant was rearrested for a similar offense in March 1979, the court ordered that he show cause why his probation should not be revoked. After a hearing, appellant was committed under the provisions of the Youth Act, 18 U.S.C. § 5010(e) for a sixty-day period of observation and evaluation. When the report was received, appellant, through his counsel, requested that he be given a split sentence under the Youth Act: namely, a period of confinement, with execution of all but six months suspended, followed by a term of probation. The court announced its view that it lacked authority to impose such a sentence and thereafter revoked probation and committed appellant for an indeterminate period pursuant to the Youth Act. Appellant now appeals from the trial court's ruling and order.

## II

Appellant's straightforward contention is that the court committed error when it ruled that it lacked authority to impose a split sentence when committing a person under the Youth Act.

It is generally agreed that the Youth Act represents a unique and comprehensive effort to evaluate and rehabilitate youthful offenders. In discussing this approach, the Supreme Court in *Dorszynski v. United States*, 418 U.S. 424, 433, 94 S.Ct. 3042, 3048–49, 41 L.Ed.2d 855 (1974), noted:

> The Act was thus designed to provide a better method for treating young offenders convicted in federal courts in that vulnerable age bracket, to rehabilitate them and restore normal behavior patterns. *Ibid.*

To accomplish this objective, federal district judges were given two new alternatives to add to the array of sentencing options previously available to them, see n. 9, *infra*: first, they were enabled to commit an eligible offender to the custody of the Attorney General for treatment under the Act. 18 U.S.C. §§ 5010(b) and (c). Second, if they believed an offender did not need commitment, they were authorized to place him on probation under the Act. 18 U.S.C. § 5010(a). If the sentencing court chose the first alternative, the youth offender would be committed to the program of treatment created by the Act.

The objective of these options represented a departure from traditional sentencing, and focused primarily on correction and rehabilitation. All persons under 22 years of age at the time of conviction were made eligible for probation or treatment under the Act, the latter defined as "corrective and preventive guidance and training designed to protect the public by correcting [their] antisocial tendencies". . . .

An important element of the program was that once a person was committed for treatment under the Act, the execution of sentence was to fit the person, not the crime for which he was convicted. . . . A powerful tool available to the Division was its discretion to discharge committed persons unconditionally before it was required to do so, for upon such discharge the conviction upon which the sentences rested would be automatically set aside. [Footnote omitted.]

■ It is apparent that persons committed under the Youth Act must be given indeterminate sentences subject to certain

---

1. The full text of the Federal Youth Corrections Act is found at 18 U.S.C. § 5005 *et seq.* (1976).

statutory maximums. *United States v. Cruz*, 544 F.2d 1162 (2d Cir. 1976). *See Tatum v. United States*, 114 U.S.App.D.C. 49, 310 F.2d 854 (1962). Release is therefore to be determined, not by the court, but rather by the Youth Act authorities. In *United States v. Jackson*, 550 F.2d 830, 831 (2d Cir. 1977), the court said:

> The emphasis in structuring the Act was on treatment of youthful offenders under the watchful eye of an informed professional body which would tailor the length of sentence actually to be served to fit the needs of the individual.

▪ Appellant's request for a split sentence is contrary to the design and plan which Congress has painstakingly enacted. A sentence of that kind necessarily detracts from the authority which has been entrusted to the administrators of the program. Recognizing this concern, appellant has placed primary reliance upon *Durst v. United States*, 434 U.S. 542, 98 S.Ct. 849, 55 L.Ed.2d 14 (1978). In that case the Supreme Court approved sentences under the Youth Act where probation was granted in addition to a fine or a requirement of restitution. The court concluded that such sentences were consistent with the general rehabilitative purposes of the Act. In our view, this decision is not helpful to appellant's argument. The essential difference is that the sentences approved in *Durst* do not involve nor encroach upon the administrative authority to release, whereas the sentence proposed in this case would clearly do so. A similar view has been expressed in *United States v. Marron*, 564 F.2d 867 (9th Cir. 1977), and *United States v. Cruz, supra; contra, United States v. Borawski*, 297 F.Supp. 198 (E.D.N.Y.1969). Indeed, a footnote in *Dorszynski, supra*, 418 U.S. at 445 n. 1, 94 S.Ct. at 3054, says it plainly: "The actual duration of the treatment period is determined by the Youth Correction authorities. 18 U.S.C. 5017."

▪ Lastly, appellant urges that a split sentence may be achieved in this case by use of the Federal Probation Act, 18 U.S.C. § 3651 (1970). In this regard, we are mindful of the unique circumstance which arises in applying a federal statute to persons who are sentenced in our local court system. We note that in *Sanker v. United States*, D.C.App., 374 A.2d 304, 308 (1977), we held, in a non-Youth Act case, that the Federal Probation Act did not apply to local courts. More recently in *Davis v. United States*, D.C.App., 397 A.2d 951 (1979), also a case not concerned with the Youth Act, we reiterated that the District of Columbia Probation Act[2] rather than the Federal Probation Act is controlling upon local trial courts and held that the former Act does not authorize split sentences. Assuming in this case that a split sentence was imposed by means of the Federal Probation Act, such a ruling would be contrary to the two sentencing alternatives stated in the *Dorszynski* case, *supra*, (probation or indeterminate commitment) and would necessarily erode the stated purposes of the Youth Act. There is no support to be found in *Durst* for that approach, and we are obliged to reject it.

Accordingly, we conclude that the sentence imposed was not erroneous and therefore affirm.

*Affirmed.*

2. D.C.Code 1973, § 16–710.