Juan PALACIO–ESCOTO, Appellant,

v.

UNITED STATES, Appellee.

No. 99–CF–574.

District of Columbia Court of Appeals.

Submitted Dec. 18, 2000.

Decided Jan. 4, 2001.

Jonathan E. Rubens, Reston, VA, filed a brief for appellant.

Wilma A. Lewis, United States Attorney, and John R. Fisher, Mary Patrice Brown, Elisa Poteat, and Jacqueline Bussiere Burke, Assistant United States Attorneys, filed a brief for appellee.

Before SCHWELB, RUIZ, and REID, Associate Judges.

SCHWELB, Associate Judge:

A jury found Juan Palacio–Escoto guilty of one count of aggravated assault while armed and two counts of assault with a dangerous weapon. The convictions followed the wounding of two young men at a "chiviada," or after-hours drinking club. The defendant stabbed one of the victims, Jose Guandique, in the back of the neck and in several other parts of the body, inflicting serious injuries.[1]

Prior to imposing sentence, the trial judge committed Palacio–Escoto, who was nineteen years of age, for observation and study pursuant to Section 4(e) of the District of Columbia Rehabilitation Act ("DCYRA" or "the Youth Act"), D.C.Code § 24–803(e) (1996). After completing the court-ordered study, the Classification Committee recommended that Palacio–Escoto be placed on probation pursuant to the Youth Act. The Committee apparently recommended, *inter alia*, that while on probation, the defendant receive intensive treatment for alcoholism, instruction in English as a second language, and vocational training.[2]

---

1. According to the government's evidence, Guandique had been the victor in a fight with Palacio–Escoto moments before the stabbing. After Guandique turned away, the defendant stabbed him in the back with a knife with a five to seven inch blade. A second victim was slashed across the pad of his middle and index fingers.

2. The Youth Act Study was not made a part of the record on appeal, but the attorneys referred to its contents during the sentencing hearing.

At the sentencing hearing, the prosecutor opposed the imposition of a Youth Act sentence. She proposed, instead, that the defendant should be sentenced to incarceration as an adult. Palacio–Escoto's attorney argued in favor of probation, and he supported the conditions proposed by the Classification Committee.

The trial judge declined to follow the recommendation of either counsel. Instead, he sentenced Palacio–Escoto under the DCYRA to "an indeterminate term not to exceed seven years." The judge elaborated:

> I will incarcerate you [under] the Youth Act which means an indeterminate sentence, one that I establish a maximum for but leave to the District of Columbia Parol[e] Board, and I suppose ultimately the United States Parol[e] Commission, when you are to be released. But I'm going to *require* that you not be released until you've obtained your GED, job training, alcohol and drug counselling.

(Emphasis added.) Later in the hearing, the judge reiterated that

> You will not be incarcerated for longer than seven years, and you may be released at any time, but not until you have at least obtained a high school equivalency diploma, which I refer to as a GED, until you've received job training, and until you've completed a course of rehabilitation in alcohol and drug abuse.

The written Judgment and Commitment Order contains the following directive:

> Do not release deft until he obtains GED, Job Training, Alcohol and Drug Counselling.

3. Palacio–Escoto did not object to the sentence in the trial court. Rule 35(a) of the Superior Court's Rules of Criminal Procedure provides, however, that "[t]he [c]ourt may correct an illegal sentence at any time."

4. *Dorszynski* and *Clark* were both decided under the former Federal Youth Corrections Act

Palacio–Escoto filed a timely notice of appeal.

■ In this court, Palacio–Escoto contends that the sentence imposed by the trial judge was illegal.[3] The government agrees, and so do we. As the government acknowledges in its brief, a sentencing court lacks statutory authority to impose conditions upon an inmate's parole date. "Release is to be determined, not by the court, but rather by the Youth Act authorities." *Clark v. United States*, 416 A.2d 717, 719 (D.C.1980). "The actual duration of the treatment period is determined by the Youth Correction authorities." *Dorszynski v. United States*, 418 U.S. 424, 445 n. 1, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974).[4] The judge thus placed legally impermissible conditions upon the defendant's release on parole.

The government does not quarrel with the foregoing legal principles, but urges us to remand the case to the sentencing judge for "clarification." The government points out that the judge "certainly has the option to recommend that the [parole authorities] impose such ... restrictions," (quoting *United States v. Sotelo*, 94 F.3d 1037, 1041 (7th Cir.1996)), and suggests that this is what the sentencing judge intended to do in the present case. But the judge stated three times, on each occasion in mandatory terms, that the defendant was not to be released until the three conditions had been satisfied. The judge did not indicate at any time that he was simply making a recommendation. The parole authorities would surely have been reluctant, to say the least, to release the defendant in the teeth of the explicit prohibition in the Judgment and Commitment Order. The sentence was thus unambiguous and, there being nothing to clarify, a remand for

(FYCA) 18 U.S.C. §§ 5010 *et seq.* (repealed 1984). The DCYRA, however, was modelled on the FYCA, *see Veney v. United States*, 681 A.2d 428, 431 (D.C.1996) (en banc), and does not differ in this regard from its repealed federal counterpart.

"clarification" would be inappropriate, if not disingenuous.

Accordingly, Palacio–Escoto's sentence is vacated, and the case is remanded for resentencing in conformity with this opinion.[5]

*So ordered.*

---

5. On remand, the judge is of course free, should he elect to do so, to convert the restrictions he had placed on the defendant's release into a recommendation to the parole authorities. *Cf. Sotelo, supra,* 94 F.3d at 1041 (construing improperly imposed condition as a recommendation).