**Darryl OLDEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 00–CO–714.**

District of Columbia Court of Appeals.

Argued Feb. 15, 2001.
Decided Sept. 27, 2001.

Thomas D. Engle, Washington, DC, for appellant.

Mary B. McCord, Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney at the time the brief was filed, and John R. Fisher and Stuart G. Nash, Assistant United States Attorneys, were on brief, for appellee.

Before SCHWELB, RUIZ, and WASHINGTON, Associate Judges.

RUIZ, Associate Judge:

The appellant, Darryl Olden, alleges that the trial court overstepped its authority by imposing conditions on probation that must be fulfilled before he is released from prison. Olden was convicted of second-degree burglary and sentenced to five to fifteen years, with all but two of those years suspended, followed by five years of probation. As a condition of probation, the court required Olden to find a space in a remote drug treatment facility outside of the District of Columbia, and to travel directly to that institution upon release from prison, stopping only to register for probation. If Olden were unable to find space in such facility, he was to remain incarcerated. Olden challenges his sentence on two grounds: (1) the trial court has no explicit authority to impose a "conditional" sentence, and (2) the trial court's sentence interferes with the power of the United States Parole Commission to set the conditions of confinement.[1]

Finding neither argument persuasive, we affirm.

## FACTS

Olden, after pleading guilty to second degree burglary, was sentenced to "five to fifteen years ESS [Execution of Sentence Suspended] all but two years or placement in remote residential bed whichever comes later [followed by] five year[s][of] supervised probation." In the margins of the order, the judge added that the "[d]efendant is to be released from prison to go directly to [a] residential treatment bed without passing [through] D.C. except to register for probation." Because Olden's probation officer interpreted the order as authorizing drug treatment in lieu of two years in prison, the government filed a motion to amend the judgment. The court responded that the judgment "require[s] no correction," and explained that Olden must serve at least two years in prison,

---

1. The United States Parole Commission assumed the authority of the Board of Parole of the District of Columbia pursuant to D.C.Code § 24–131 (2001), formerly D.C.Code § 24–1231 (2000 Supp.). While some cases and statutes cited herein refer to the D.C. Board of Parole, we interpret them as applying to the Parole Commission.

and remain there until space in a residential treatment facility is available.

## ANALYSIS

Olden presents two objections to his sentence. The first is that the trial court had no authority to set a "conditional" sentence—*i.e.*, one with a duration determined, in part, by fulfillment of a condition precedent. The second is based not on the substance of the court's condition, but on its timing: he contends that a probationary condition imposed *before* probation begins, while he is in prison, interferes with the authority of the Parole Commission and is therefore beyond the power of the trial court.

■ "It is settled law that a sentencing court has no authority to impose a sentence of a nature or in a manner not authorized by statute." *Clayton v. United States*, 429 A.2d 1381, 1383 (D.C.1981). To determine whether Olden's sentence is authorized, we begin with an analysis of the plain language of the statute. *See Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753 (D.C.1983).

The District of Columbia Code [2] authorizes the trial court to suspend all or a part of a sentence "for such time and upon such terms as it deems best," as long as "the ends of justice and the best interest of the public and of the defendant would be served thereby." D.C.Code § 16–710(a) (2001).[3] If the court elects to suspend imposition of a prison sentence, it may place that person on probation. *See id.* The terms and conditions of probation must be provided in writing to the probationer, and he must consent to those terms. *See id.* There is also an implicit requirement that the terms of probation "be reasonably related to the rehabilitation of the convicted person and the protection of the public." *Moore v. United States*, 387 A.2d 714, 716 (D.C.1978) (interpreting the version of D.C.Code § 16–710 in effect in 1973, identical to the current version of the statute in relevant part); *see also Basile v. United States*, 38 A.2d 620, 622 (D.C.1944) (holding that the court may impose any conditions on probation that are not "immoral, illegal or impossible of performance").

■ The words of the statute are plain and, understood in their ordinary meaning, they authorize the court to impose Olden's sentence. The power to suspend a sen-

**2.** Where no change in codification has occurred, all references are to the 2001 version of the D.C.Code.

**3.** The full text of the statute reads as follows: (a) Except as provided in subsection (b), in criminal cases in the Superior Court of the District of Columbia, the court may, upon conviction, suspend the imposition of sentence or impose sentence and suspend the execution thereof, or impose sentence and suspend the execution of a portion thereof, for such time and upon such terms as it deems best, if it appears to the satisfaction of the court that the ends of justice and the best interest of the public and of the defendant would be served thereby. In each case of the imposition of sentence and the suspension of the execution thereof, or the imposition of sentence and the suspension of the execution of a portion thereof, the court may place the defendant on probation under the control and supervision of a probation officer. The probationer shall be provided by the clerk of the court with a written statement of the terms and conditions of his probation at the time when he is placed thereon. He shall observe the rules prescribed for his conduct by the court and report to the probation officer as directed. A person may not be put on probation without his consent.

(b) The period of probation referred to in subsection (a), together with any extension thereof, shall not exceed 5 years.

(c) Nothing in this section shall be deemed to supercede provisions of section 22–104a.

D.C.Code § 16–710 (2001).

tence "for such time and upon such terms as [the court] deems best" necessarily includes the authority to suspend a sentence upon fulfillment of a condition precedent— in this case, a requirement that Olden be accepted for admission to a drug treatment facility. Moreover, the terms of Olden's probation are "reasonably related" to his rehabilitation: A court-ordered evaluation indicated that his drug use significantly contributed to his criminal behavior. And there is no doubt that Olden consented to a drug rehabilitation program. He petitioned the trial court for such treatment and has never raised consent as an issue; his appeal is based on the timing of this condition, not its imposition per se. Olden's sentence is thus not barred by the plain language of D.C.Code § 16–710.[4]

 This does not end the inquiry, however. As Olden correctly points out, we construe statutory provisions "not in isolation, but together with other related provisions." *Carey v. Crane Serv. Co.*, 457 A.2d 1102, 1108 (D.C.1983). Olden contends that a construction of D.C.Code § 16–710 that would authorize his sentence would conflict with the broad authority delegated to the Parole Commission through D.C.Code § 24–404 (2001), formerly D.C.Code § 24–204 (1996 Repl.).

The Parole Commission is authorized to release a prisoner "[w]henever it shall appear ... that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, [and] that his release is not incompatible with the welfare of society, *and ... he has served the minimum sentence imposed.*" D.C.Code § 24–404(a) (2001), formerly D.C.Code § 24–204(a) (1996 Repl.) (emphasis added). That minimum sentence is set by the court. *See* D.C.Code § 24–403(a) (2001), formerly D.C.Code § 24–203(a) (1996 Repl.) (authorizing the trial court to set a sentence with a "maximum period not exceeding the maximum fixed by law, and ... a minimum period not exceeding one-third of the maximum sentence imposed"). Before the minimum sentence is complete, the Parole Commission must "apply to the court ... for a reduction of [the] minimum sentence" if it finds release to be warranted. *See* D.C.Code § 24–401c (2001), formerly D.C.Code § 24–201c (1996 Repl.). The power of the Parole Commission to release a prisoner until the minimum sentence has been served is therefore subordinate to that of the court.

 In light of this statutory scheme, the likelihood of conflict between the authority of the court and that of the Parole Commission in Olden's case is remote. Olden's minimum sentence is five years, three of which could be suspended on the condition that he find a residential drug treatment placement in a remote location. As long as Olden finds a drug rehabilitation placement within those three years, there is no possibility that the power of the Parole Commission to release him will conflict with the authority of the court to suspend a portion of his sentence.[5] Al-

---

**4.** Olden also cites *Butler v. United States*, 379 A.2d 948 (D.C.1977), for the proposition that a trial court has no authority to impose a "conditional" sentence. *Butler* is inapposite to this case, and Olden's argument is based on a misunderstanding of its use of the term "conditional." The sentence at issue in *Butler* was a temporary disposition that the judge intended to revisit upon completion of a sentencing report. *Butler* held that a trial court has no authority to set a "conditional" sen-

tence, and that imposition of a sentence is always a final, appealable order. *See id.* at 949. There is no question here that Olden's sentence is final, only whether a sentence of indeterminate length is authorized. *Butler* did not address that issue.

**5.** This analysis is consistent with that of *Palacio–Escoto v. United States*, 764 A.2d 795 (D.C.2001), which held that the trial court may not interfere with the prerogative of the

though a conflict might arise if Olden were to secure drug treatment after the minimum sentence has been served, that prospect is too speculative to be considered here, and that question is therefore not ripe for review. *See District of Columbia v. WICAL Ltd. Partnership*, 630 A.2d 174, 182 (D.C.1993) (explaining that this court does not "decide more than the occasion demands"); *see also Shook v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 964 F.Supp. 416, 430 (D.D.C.1997) (defining ripeness as a justiciability doctrine that "separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for the court's review").

Thus, we find no error in the sentence of the Superior Court, and the judgment is

*Affirmed.*

parole authority to set a release date under the Youth Rehabilitation Act. *See id.* at 796. Under that act, there is no minimum sentence; youth offenders may be conditionally released "whenever appropriate," D.C.Code § 24–904(a) (2001), formerly D.C.Code § 24–804(a) (1996 Repl.), and identification of such a date is delegated exclusively to the Youth Act authorities. *See* 764 A.2d at 796. Olden's release, by contrast, is governed by D.C.Code §§ 16–710, 24–403(a) and 24–401c, which collectively delegate broad release authority to the Parole Commission, but only after the minimum sentence has been served.