**In re Reginald A. JACKSON, Appellant.**

**No. 8179.**

District of Columbia Court of Appeals.

Argued Oct. 17, 1974.

Decided Nov. 21, 1974.

Ronna Lee Beck, Washington, D. C., appointed by this court, for appellant.

Steven R. Schaars, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin, David T. Stitt, Donald L. Abrams, John W. Polk and Raymond J. Coughlan, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant was found guilty by the trial court of criminal contempt[1] for violation of the court's lineup order directing "that the defendant not alter his facial or bodily appearance prior to the time of the line-up . . . ." At the time of the lineup order, appellant had a "full bush, sideburns extending to just below the end lobe of the ears, a moustache protruding into a goatee around the line of the mouth, crossing the chin, clean-shaven on the cheeks and beneath the chin . . . ." When appellant appeared at his preliminary hearing it was noted that his head and beard were completely shaved. Appellant had recently appeared in a previous lineup and had been there identified as a perpetrator of the crime there under investigation.

At a hearing to show cause why he should not be held in contempt appellant testified, in essence, that while getting a trim at a barber shop, the barber told him he thought he had ringworms and that his "hair was threatened" and it was necessary to remove the hair, and this was done.

1. D.C.Code 1973, § 11-944.

The next day, appellant went to a doctor for treatment and the doctor gave him a prescription for a dermatological infection. He asked the doctor "to give me a statement that I had been there, to be, you know, noted, so to speak."

The trial court found that appellant had materially changed his appearance and that this frustrated the lineup and was a wilful violation of the court's order which he had received. The court found further that appellant "was knowledgeable".[2] In so finding the court noted that there was no medical testimony that shaving the hair was a required treatment.

Appellant contends that the evidence shows appellant lacked the required criminal intent when he had his hair and beard removed,[3] *and* that he was, at most, negligent.

The fact of the matter is that the trial court expressly found a wilful violation of the court order and we see no sound basis to overturn this finding. Appellant well knew he had been ordered not to change his appearance and this is precisely what he did, with no attempt to first secure court permission; and there was no showing of exigent circumstances warranting failure to secure permission. The skin condition hardly fits into this category. It appears he had the condition for a matter of several months. Appellant, as indicated, had shortly before appeared in a lineup and had been there identified.

The trial court found that the required intent to support a contempt conviction was present and the record enabled this finding.

Affirmed.

2. At a later bond hearing the trial court remarked in passing that it did not think appellant realized the consequences of his acts. It is not clear exactly what the court meant by this comment but, in any event, subsequently the court reiterated the finding of wilfulness (Order filed February 14, 1974).

3. In support, appellant refers us to cases dealing for the most part with absent or tardy attorneys who were held in contempt and the convictions were reversed on appeal for lack of intent. *E. g.*, In re Nesbitt, D.C.App., 313 A.2d 576 (1973) ; In re Farquhar, 492 F.2d 561 (D.C. Cir. 1973) ; Sykes v. United States, 144 U.S.App.D.C. 53, 444 F.2d 928 (1971). We have difficulty relating memory lapses and innocent mistakes with the nature of the conduct here.