**In the Matter of Henry Phillip CARTER, Appellant.**

**No. 11566.**

District of Columbia Court of Appeals.

Submitted Feb. 22, 1977.

Decided May 23, 1977.

---

Peter G. Kuh, Washington, D.C., was on the brief for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, James F. Hibey, and Richard H. Saltsman, Asst. U. S. Attys., Washington, D.C., were on the brief for appellee United States.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellant was found guilty by the trial court of criminal contempt for violating a lineup order.[1] He contends (1) that he was improperly deprived of his right to a jury trial, and (2) that the judgment rendered was contrary to the weight of the evidence. We affirm.

Appellant was arrested on August 20, 1976, and was charged with unauthorized use of a motor vehicle. D.C.Code 1973, § 22–2204. At his presentment to the court, he was ordered to appear in a lineup. The order specified that he was not to change his facial or bodily appearance prior to the lineup. Appellant later appeared at the lineup with a shaven head.

A hearing on an order to show cause why appellant should not be held in contempt for violating the lineup order was held on September 15, 1976. At that hearing, the arresting officer identified appellant, and testified that appellant had a two-inch bush hair style at the time of his arrest.

Appellant testified that he had his hair cut once a month, and that this particular cut fulfilled his desire to have his hair "cut close."[2] He said he knew what he was doing when he got the haircut, but claimed he did not believe it changed his appearance. Appellant acknowledged that he had read and understood the lineup order.

The court found that appellant's haircut "did substantially alter his facial and bodily appearance," and concluded that this change in appearance was intentional. The court sentenced him to 25 days in jail for that act of contempt.

Appellant asserts first that he was unconstitutionally deprived of the right to a jury trial. We disagree. A petty contempt, that is, one for which the penalty imposed either does not exceed six months, or a longer penalty has not been expressly authorized by statute, may be tried without a jury. *Codispoti v. Pennsylvania,* 418 U.S. 506, 511–12, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974). *Taylor v. Hayes,* 418 U.S. 488, 495, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974).

Appellant's second contention is that the judgment rendered was contrary to the weight of the evidence. The applicable

---

1. In the trial court, the parties and the court treated the contempt matter as though it were based upon D.C.Code 1973, § 23–1329(c). However, that statute applies to contempt proceedings in cases in which a defendant violates a condition of release. At presentment, the court imposed a $5,000 surety bond, which appellant was unable to post. Thus, he was not conditionally released. The appropriate jurisdictional basis for the trial court's action is D.C.Code 1973, § 11–944, which defines the court's general contempt powers.

2. As appellant was incarcerated pending trial, the haircut was received at the District of Columbia Jail.

standard in a criminal contempt case is that guilt must be established beyond a reasonable doubt. *Michaelson v. United States ex rel. Chicago, St. Paul, Minneapolis & Omaha Ry.*, 266 U.S. 42, 66, 45 S.Ct. 18, 69 L.Ed. 162 (1924). While this standard provides a general guideline, an opinion of this court is more specifically relevant. *In re Jackson*, D.C.App., 328 A.2d 377 (1974), concerned a defendant who had shaved his head and face, allegedly because of a ringworm condition. Jackson was convicted of contempt, based upon a finding of a willful violation of the trial court's order. Like our appellant, Jackson knew he had been ordered not to change his appearance, but he nevertheless did. We affirmed, pointing out that Jackson failed to show any exigent circumstances which might have excused his failure to obtain court permission for his change in appearance. *Jackson, supra*, at 378.

The trial court's disposition of this matter being both free of error and supported by the evidence, *see* D.C.Code 1973, § 17–305, the finding of contempt is affirmed.

*Affirmed.*