Frank E. **BELL**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 99–CM–1296.

District of Columbia Court of Appeals.

Submitted Sept. 11, 2001.
Decided Sept. 5, 2002.

---

Annie R. Alexander, appointed by the court, was on the brief for appellant.

Wilma A. Lewis, United States Attorney at the time the brief was filed, and John R. Fisher, Mary Patrice Brown, and Carla Diggs Smith, Assistant United States Attorneys, were on the brief for appellee.

Before TERRY, REID, and WASHINGTON, Associate Judges.

1. D.C.Code § 11–944 (2001).

TERRY, Associate Judge:

Appellant Bell pleaded guilty to second-degree theft and was sentenced to probation for one year, and to pay a $100 fine and court costs. When he failed to pay the fine and court costs, he was convicted of contempt [1] and sentenced to fifteen days in jail. Bell appeals from his contempt conviction, arguing (1) that it was unconstitutional because he was imprisoned only because of his inability to pay the fine, and (2) that it was actually a separate and additional—and hence impermissible—penalty for theft. We hold that the sentence was not unconstitutional because Bell's failure to pay the fine was willful. We decline to reach the issue of whether the conviction was a separate and inappropriate penalty for theft because that issue was not properly raised below.

I

Mr. Bell entered a plea of guilty to a charge of second-degree theft on April 29, 1999. He was sentenced to one year's probation and a $100 fine and was ordered to pay $50 in court costs. After he missed two scheduled meetings with his probation officer in May and June, the court issued an order to show cause and set a hearing to determine whether his probation should be revoked.

At that hearing the trial judge raised the issue of the $100 fine and $50 in court costs which had not yet been paid. Mr. Bell explained that he had not paid the fine because he had been unable to find employment. The judge rejected that excuse, stating that "these [were] boom times" and that "[p]eople can pick and choose amongst those jobs mostly." The judge also noted that Mr. Bell had been employed before he was convicted and sen-

tenced. Defense counsel asserted that Mr. Bell had not been employed since his conviction, and that "even though times are booming, it may not be booming for certain categories, young black men, especially young black men with criminal records." Although the judge found "some truth" in that argument, he nevertheless held Mr. Bell in contempt, noting that his fine amounted to only $2.50 a day but that Bell "hasn't paid a dime of it." The judge then sentenced Bell to concurrent jail terms of ten days for failing to pay the fine and five days for failing to pay the court costs, with credit for five days he had already spent in jail.

## II

Appellant relies on *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), in contending that his contempt conviction is unconstitutional. In *Bearden* the petitioner was convicted of burglary and theft and sentenced to three years' probation, a $500 fine, and $250 in restitution. After paying the first $200, the petitioner lost his job and notified the court that he would be late with his payment. The court nevertheless revoked his probation because of his failure to pay the fine and sentenced him to serve the remainder of his term in prison. The Supreme Court reversed, holding:

> [I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court

must consider alternative measures of punishment other than imprisonment.... To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine.

*Id.* at 672–673, 103 S.Ct. 2064.

The government argues that appellant's failure to pay the fine was willful, suggesting that this case is more like *In re Jackson*, 328 A.2d 377 (D.C.1974). In *Jackson* this court upheld a finding that the action of a defendant who materially changed his appearance, contrary to a court order not to do so, was a willful act despite the fact that he had a skin condition which required him to shave his head. The trial court in *Jackson* concluded that there were no exigent circumstances because the defendant had had the condition for several months, that he knew of the court order not to change his appearance, and that he made no attempt to secure the permission of the court before shaving his head.

Appellant Bell, on the other hand, relies on *Smith v. Smith*, 427 A.2d 928 (D.C. 1981). In *Smith* this court reversed a trial court order revoking a stay of a contempt conviction because the appellant's motion to reduce the payments that were a condition of the stay gave sufficient notice to the trial court that he lacked the ability to pay, so that the court was obliged to hold a hearing and make a finding on his ability to pay before sanctioning him for nonpayment. *Id.* at 931–932 ("the trial court must predicate its application of this severe sanction on a finding that the defendant is able to pay the debt owed" (citations omitted)).

Bell's reliance on *Smith* is misplaced. *Smith* stands for the proposition that the trial court must determine a person's ability to pay before concluding that a failure to pay was willful. In this case, unlike *Smith*, the trial court made such a finding.

It found that, despite Bell's claim that he was unable to pay because he did not have a job, he had been employed as a caterer for three years before his arrest.[2] Further, the court noted that the economic situation (in September 1999) was such that it was not difficult for most people to find jobs. Finally, the court stated that even though the fine had required payment of only $2.50 a day, Bell had paid none of it. Given the opportunity to respond or comment on the record, Bell did not dispute these findings.

■ What further separates this case from the cases cited by Bell is the matter of notice. In *Bearden* the petitioner made an effort to pay the entire fine by paying the first $200 due and then notifying the court when he was unable to pay the remainder. *Bearden*, 461 U.S. at 662–663, 103 S.Ct. 2064. In *Smith* the appellant notified the court by filing a motion to reduce the support payments that he owed, in which he alleged that his income was inadequate to permit him to make the full payments. *Smith*, 427 A.2d at 932–933. Even in *Jackson*, cited by the government, the court noted the defendant's failure to get the permission of the court before shaving his head and altering his appearance. *Jackson*, 328 A.2d at 378. In this case, by contrast, Bell made no attempt to give the court any notice that he was having difficulty in finding employment, nor did he make any effort to pay any part of the fine, which could have been paid in installments if he had asked the court for permission to do so.

Thus it cannot be said that the trial court's findings are without support in the record. *See Brooks v. United States*, 686 A.2d 214, 219–220 (D.C.1996); D.C.Code § 17–305(a) (2001). Therefore, because Bell's failure to pay the fine was willful, the contempt sentence was lawful and constitutional.

## III

Bell's second argument is that the fine was a condition of his probation, and thus the contempt sentence was an impermissible additional penalty for his original crime of theft.

■ In *Jones v. United States*, 560 A.2d 513, 516 (D.C.1989), this court said, "When a probationer violates a condition of his probation, the only appropriate sanction is a withdrawal of the previously afforded favorable treatment rather than the imposition of an additional penalty. Punishment for contempt is an additional and separate penalty." In determining whether a fine is a condition of probation or a separate penalty, the oral pronouncement of the judge at the time of sentencing controls. *Id.* at 515.

Bell asserts that his fine was a condition of his probationary sentence. The record supports this assertion to some extent. It shows that although the $50 in court costs was listed separately, the "Judgment and Commitment/Probation Order" lists the $100 fine in the section requiring Bell to "observe the following ... conditions of probation."[3] However, at the contempt

---

**2.** Although Bell claims that his theft conviction prevented him from getting a job, the record shows that he also had prior convictions before obtaining his job as a caterer.

**3.** The "Judgment and Commitment/Probation Order" is a pre-printed form with several boxes to be checked. In this instance, the person who filled in the blanks and checked the boxes (either the judge or the courtroom clerk) indicated only probation and no fine on the blank lines provided for sentencing. However, he checked the restitution box under the "conditions of probation" section, crossed out the word "restitution," wrote in the word "fine," and filled in "100.00" after a printed dollar sign on the blank line that followed.

hearing, both the judge and defense counsel appear to have assumed that the fine was not a condition of probation. The argument that Bell makes now on appeal was never made below.

 We cannot confirm whether the fine was intended as a condition of probation or as a separate part of the sentence because no transcript of the sentencing hearing has been included in the record on appeal. As a result, we must presume that the judgment below—*i.e.*, the contempt conviction—is correct. As we said almost twenty years ago in *Cobb v. Standard Drug Co.*, 453 A.2d 110 (D.C.1982):

> A judgment of any trial court is presumed to be valid.... A losing party who notes an appeal from such a judgment bears the burden of "convincing the appellate court that the trial court erred." ... In meeting that burden, it is the appellant's duty to present this court with a record sufficient to show affirmatively that error occurred.

*Id.* at 111 (citations omitted). Having failed to provide us with a transcript of the sentencing, Bell is unable to overcome the *Cobb* presumption that the sentence was valid.

Furthermore, because everyone at the contempt hearing assumed that the fine was a separate penalty, we are not in a position even to consider whether it was or not. It is a firmly established rule of appellate procedure that, absent exceptional circumstances, a party may not raise an issue on appeal that was not raised in the trial court. *See Miller v. Avirom*, 127 U.S.App. D.C. 367, 369–370, 384 F.2d 319, 321–322 (1967) ("Questions not properly raised and preserved during the proceedings under examination, and points not asserted with sufficient precision to indicate distinctly the party's thesis, will normally be spurned on appeal."). We see no reason to deviate from that principle in this case.

### IV

The contempt conviction and sentence are therefore

*Affirmed.*